## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UBIQUITOUS CONNECTIVITY, LP, | |
| Plaintiff, | |
| v. | CASE NO. 18-cv-00368-JED-FHM |
| 1) CENTRAL SECURITY GROUP - NATIONWIDE, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff UBIQUITOUS CONNECTIVITY, LP (hereinafter, "Plaintiff" or "Ubiquitous"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Central Security Group – Nationwide, Inc. (hereinafter, "Defendant" or "CSG") as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent Nos. 8,064,935 (hereinafter, the "'935 Patent") and 9,602,655 (hereinafter, the "'655 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as Exhibit A and Exhibit B, respectively.  Plaintiff is the owner of the Patents-in-Suit.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Ubiquitous is a limited liability partnership organized and existing under the laws of the State of Texas since February 14, 2012 and maintains its principal place of business at 2436 Tisbury Way, Little Elm, Texas, 75068 (Denton County).

3.      Based upon public information, Defendant CSG is a corporation duly organized and existing under the laws of the state of Delaware since July 21, 2017.

4.      Based upon public information, Defendant CSG has its principal place of business located at 2448 E. 81st Street, Suite 4300, Tulsa, Oklahoma 74137 (Tulsa County).

5.      Based upon public information, Defendant CSG may be served through its registered agent, Guardian Security Systems, Inc., 2448 E. 81st Street, Suite 4200, Tulsa, Oklahoma 74137.

6.      Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products and/or services under the "2Gig Go!Control Security System" branded system.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.      The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Oklahoma and in the Northern District of Oklahoma; Defendant has purposefully availed itself of the privileges of conducting business in the State of Oklahoma and in the Northern District of Oklahoma; CSG has sought protection and benefit from

the laws of the State of Oklahoma and is incorporated there; Defendant regularly conducts business within the State of Oklahoma and within the Northern District of Oklahoma, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Oklahoma and in the Northern District of Oklahoma.

9.      More specifically, CSG, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Oklahoma, and the Northern District of Oklahoma. Based upon public information, Defendant has committed patent infringement in the State of Oklahoma and in the Northern District of Oklahoma.  Defendant solicits customers in the State of Oklahoma and in the Northern District of Oklahoma.  Defendant has many paying customers who are residents of the State of Oklahoma and the Northern District of Oklahoma and who use Defendant's products in the State of Oklahoma and in the Northern District of Oklahoma.

10.      Venue is proper pursuant to 28 U.S.C. §1400(b) because Defendant resides in the Northern District of Oklahoma because of its formation under the laws of Oklahoma.

11.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in the Northern District of Oklahoma because of its formation under the laws of Oklahoma, which subjects it to the personal jurisdiction of this Court.

## **BACKGROUND INFORMATION**

12.      The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office (hereinafter, "USPTO") after full and fair examinations.

13.     The Patents-in-Suit trace their priority date back to USPTO Application No. 11/163,372 (the "'372 Application") which was filed on October 17, 2005 and issued after full and fair examination as U.S. Patent No. 7,257,397.  See Ex. A at A-1 and Ex. B at B-1.

14.     The '372 Application is itself a divisional of USPTO Application No. 11/160,006 (the "'006 Application") which was filed on June 6, 2005 and issue as and issued after full and fair examination as U.S. Patent No. 6,990,335. See Ex. A at A-1 and Ex. B at B-1.

15.     The '006 Application traces its priority to USPTO Provisional Application No. 60/522,887 (the "'887 Application") which was filed on November 18, 2004. See Ex. A at A-1 and Ex. B at B-1.

16.     Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.  See Exhibit C and D.

17.     Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://www.centralsecuritygroup.com/home-security, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to Defendant's 2Gig Go!Control Security System (collectively, the "Accused Products and Services").  Evidence obtained from CSG's website (and others) regarding these products is provided in Exhibits E through H.

18.     CSG offers its customers the ability to download the CSG Alert 360 app, which allows users to control their 2Gig Go!Control Security System device remotely from a mobile

device such as but not limited to an iPhone, iPad, or Android device.  See Exhibit E-2 (indicating

the app is available for download on the Apple App Store and for Android at Google Play).

      19.      According to the description of CSG's 2Gig Go!Control Security System on its

webpage:



**Figure 1**

See Exhibit E.

**[Remainder of Page Left Intentionally Blank]**

20.     According to the description of CSG's 360 Alert app on its webpage:



**Figure 2**

<u>See</u> Exhibit E.

21.     According to the description of the CSG Alert 360 app on the Applications page for Apple iPhones, the provider for the CSG Alert 360 app is Central Security Group, Inc.  <u>See</u> Exhibit F.

22.     According to the description of the CSG Alert 360 app on the Applications page for Apple iPhones:

**[Remainder of Page Left Intentionally Blank]**



**Figure 3**



**Figure 3**

<u>See</u> Exhibit F.

23.     Based upon public information, the Alert 360 app allows users (1) to change the settings of their 2Gig Go!Control Security System from their mobile devices; (2) to view images and videos captured by Alert 360 image sensors when installed; and (3) to utilize geoservices to operate the system based on location.  See Exhibit F.

24.     Based upon public information, the 2Gig Go!Control Security System provided to customers also includes a feature, which uses the GPS location on a user's mobile device "to set location based triggered events"  See Exhibit G.

25.     Based upon public information, the 2Gig Go!Control Security System may also receive sensor readings from the alarm system and send control instructions, *i.e.* arming or disarming the sensors.  See Exhibit H, at p. 2, 4, 6-7, and 26-27.

26.     CSG provides guidance to its prospective customers through documents that provide information to educate users about the benefits of 2Gig Go!Control Security System and how to choose the right system for a customer's particular requirements.  See Exs. E-H.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,064,935

27.     Plaintiff re-alleges and incorporates by reference each of paragraphs above.

28.     The '935 Patent issued from USPTO Application No. 11/686,993 which was filed on March 16, 2007 and is a divisional application of the '372 Application.  See Ex. A at A-1.

29.     The '935 Patent was duly issued by the USPTO on November 22, 2011.  See Ex. A at A-1.

30.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe claims of the '935 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing system under the 2Gig Go!Control Security System brand, and

other product lines.  Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '935 Patent, including Claim 19, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices, including at least the Accused Products and Services, that form a wirelessly controllable security system that incorporates a base unit (2Gig-CP2) interfaced with an environmental device (security system and sensors).  See, supra, Paragraphs 17-26, and Figures 1-3.

31.     Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '935 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  To the extent that Defendant is not the only direct infringer of the '935 Patent, customers that have purchased and/or used the Accused Products, including the 2Gig Go!Control Security System (see Exs. E-H), constitute direct infringers.

32.     Despite knowledge of the '935 Patent as early as the filing of this complaint, based upon public information, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '935 Patent.  See Exs. E-H.  Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Defendant.  See Exs. E-H.

33.     Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes the '935 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website

including information brochures, promotional material, and contact information.  <u>See e.g.</u> Exs. E-H.

34.     Specifically, Defendant offers design services to select, deploy and integrate its products to assist its customers in installing and utilizing the infringing remote control system. <u>See e.g.</u> Exs. E-H.  Based upon public information, Defendant knew that its actions, including but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers of the '935 Patent by continuing to sell, support, and instruct its customers on using the Accused Products and Services.  <u>See e.g.</u> Exs. E-H.

35.     Based upon public information, Defendant also contributes to the infringement of the '935 Patent by offering for sale and/or selling components that constitute a material part of the invention claims in the '935 Patent.

36.     For example, Defendant has offered for sale and/or sold numerous 2Gig Go!Control Security System systems and security alarm devices that infringe the '935 Patent, as discussed above.

37.     Based upon public information, CSG's 2Gig Go!Control Security System has no substantial, non-infringing uses.  <u>See</u> Exs. E-H.

38.     As a result, these CSG 2Gig Go!Control Security Systems can only be used in a manner that infringes the '935 Patent, and on information and belief, have been used by Defendant's customers in a manner that directly infringes one or more claims of the '935 Patent.

39.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

40.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41.     Defendant's infringement of Plaintiff's rights under the '935 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,602,655

42.     Plaintiff re-alleges and incorporates by reference each of paragraphs above.

43.     The '655 Patent issued from USPTO Application No. 13/271,203 which was filed on October 11, 2011 and is a continuation of the application that resulted in the issuance of the '935 Patent.  See Ex. B at B-1.

44.     The '655 Patent was duly issued by the USPTO on March 21, 2017.  See Ex. B at B-1.

45.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe claims of the '655 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the 2Gig Go!Control Security System brand, and other product lines.  Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '655 Patent, including at least Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices, including at least the Accused Products and Services, that form a wirelessly controllable security system that

incorporates a base unit (2Gig-CP2) interfaced with an environmental device (security system and sensors).  See, supra, Paragraphs 17-26, and Figures 1-3.

46.     Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '655 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  To the extent that Defendant is not the only direct infringer of the '655 Patent, customers that have purchased and/or used the Accused Products, 2Gig Go!Control Security System (see Exs. E-H), constitute direct infringers.

47.     Despite knowledge of the '655 Patent as early as the filing of this Complaint, based upon public information, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '655 Patent.  See Exs. E-H.  Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Defendant.  See Exs. E-H.

48.     Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes the '655 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  See e.g. Exs. E-H.

49.     Specifically, Defendant offers design services to select, deploy and integrate its products to assist its customers in in installing and utilizing the infringing remote control security

system.  See e.g. Exs. E-H.  Based upon public information, Defendant knew that its actions, including but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers of the '655 Patent by continuing to sell, support, and instruct its customers on using the Accused Products and Services.  See e.g. Exs. E-H.

50.     Based upon public information, Defendant also contributes to the infringement of the '655 Patent by offering for sale and/or selling components that constitute a material part of the invention claims in the '655 Patent.

51.     For example, Defendant has offered for sale and/or sold numerous 2Gig Go!Control Security System systems and security alarm devices that infringe the '935 Patent, as discussed above.

52.     Based upon public information, CSG's 2Gig Go!Control Security System has no substantial, non-infringing uses.  See Exs. E-H.

53.     As a result, the CSG's 2Gig Go!Control Security System can only be used in a manner that infringes the '655 Patent, and on information and belief, have been used by Defendant's customers in a manner that directly infringes one or more claims of the '655 Patent.

54.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

55.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56.     Defendant's infringement of Plaintiff's rights under the ''655 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

57.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

58.     Plaintiff respectfully requests the following relief:

A.      An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B.      An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit based upon post-filing date knowledge of the Patents-in-Suit;

C.      An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Dated: <u>July 17, 2018</u>         Respectfully submitted,

<u>/s/ Chad C. Taylor</u>
Chad C. Taylor
OBA # 18308
*Attorney for Plaintiff*
*Ubiquitous Connectivity, LP*
RIGGS, ABNEY, NEAL, TURPEN,
   ORBISON & LEWIS, P.C.
528 N.W. 12th Street
Oklahoma City, Oklahoma 73103
Telephone:  (405) 843-9909
Facsimile:   (405) 842-2913
Email: ctaylor@riggsabney.com

-AND-

James F. McDonough, III (Bar No. 117088, GA)*
Jonathan R. Miller (Bar No. 507179, GA)*
Travis E. Lynch (Bar No. 162373, GA)*
*Attorneys for Plaintiff*
*Ubiquitous Connectivity, LP*
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5504, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com


* admission *Pro Hac Vice to be applied for*