**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UBIQUITOUS CONNECTIVITY, LP**<br>        **Plaintiff,** | |
| **v.** | **CASE NO. 4:18-cv-00368-JED-FHM**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |
| **CENTRAL SECURITY GROUP–**<br>**NATIONWIDE, INC.,**<br>        **Defendant.** | |

**CENTRAL SECURITY GROUP–NATIONWIDE, INC.'S
<u>MOTION TO STRIKE THE EXPERT DECLARATION OF IVAN ZATKOVICH</u>**

**TABLE OF CONTENTS**

I.      FACTUAL BACKGROUND ................................................................................................ 1

II.     LEGAL STANDARD ...................................................................................................... 1

III.    ARGUMENT .................................................................................................................. 3

        A.      The Motion to Dismiss is Properly Limited to the Four Corners of the Complaint,
                Including the Asserted Patents Attached Thereto. ...................................................... 3

        B.      Ubiquitous' Opposition Seeks to Introduce Extrinsic Material that is Improper in
                the Context of a Rule 12 Motion ................................................................................ 4

IV.     CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*ACE Am. Ins. Co. v. Huntsman Corp.*,
   255 F.R.D. 179 (S.D. Tex. 2008)............................................................................2

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
   No. 6:15-CV-0029-WSS-JCM (W.D. Tex. June 12, 2015)......................................2

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014)............................................................................................3

*Creative Realty Inc. v. HD Supply Waterworks Grp. Inc.*,
   No. 13-2564 (W.D. La. Mar. 12, 2014) ..............................................................2, 4

*Ellis v. Yellow Book Sales & Distribution Co.*,
   No. 2:11-cv-138-JRG (E.D. Tex. Mar. 2, 2012).....................................................3

*Gines v. Horton*,
   699 F.3d 812 (5th Cir. 2012) ...........................................................................2, 3, 4

*Hildebrandt v. Indianapolis Life Ins. Co.*,
   No. 3:08-CV-1815-B (N.D. Tex. Mar. 30, 2009)..................................................2, 4

*Isquith v. Middle S. Utils., Inc.*,
   847 F.2d 186 (5th Cir. 1988) ...................................................................................2

*Lovelace v. Software Spectrum*,
   78 F.3d 1015 (5th Cir. 1996) ..............................................................................2, 3

*Matassarin v. Grosvenor*,
   No. SA-13-CA-913-RP (W.D. Tex. June 2, 2015).................................................2

*McNealy v. Becnel*,
   No. 14-2181 (E.D. La. Oct. 17, 2016) ....................................................................1

*Scanlan v. Tex. A & M Univ.*,
   43 F.3d 533 (5th Cir. 2003) .....................................................................................2

*Tyler v. Liberty Mut. Ins. Co.*,
   No. 3:17-CV-1292-L (N.D. Tex. Aug. 17, 2018)....................................................4

Defendant Central Security Group–Nationwide, Inc. ("CSG") requests that the Court strike and disregard the October 5th Declaration of Ivan Zatkovich (the "Zatkovich Declaration") submitted by Plaintiff Ubiquitous Connectivity, LP ("Ubiquitous") in support of its opposition to CSG's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss"). The Zatkovich Declaration is irrelevant to the court's considerations of the Motion to Dismiss as it improperly introduces material plainly outside the four corners of the pleadings.

## I.   FACTUAL BACKGROUND

On October 4, 2018, CSG filed the Motion to Dismiss, asserting that U.S. Pat. Nos. 8,064,935 (the "935 Patent") and 9,602,655 (the "655 Patent) (collectively, the "Asserted Patents") are invalid under 35 U.S.C. § 101 as directed to ineligible subject matter.[1] D.I. 13 at 5-7. On November 5, 2018, Ubiquitous filed its response and opposition to the Motion to Dismiss (the "Opposition"). D.I. 27. Instead of substantively responding to the merits of CSG's Motion to Dismiss, Ubiquitous postured its Opposition as a response to a Rule 56 summary judgment motion, including the submission of the Zatkovich Declaration as an attachment thereto, and thus urged the Court to convert CSG's Rule 12(b)(6) Motion to Dismiss into a summary judgment motion. *Id.* at 20. The Zatkovich Declaration submitted by Ubiquitous spans over 120 pages. *Id.* at Exhibit C.

## II.   LEGAL STANDARD

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking the allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); *Gossett v. Barnhart*, 139 F. App'x 24, 25 (10th Cir. 2005) ("In ruling on a motion to dismiss, the district court is limited to the facts pled in the complaint."). Rule 12

---

[1] The parties also filed a joint motion to stay discovery and all other deadlines pending resolution of the Motion to Dismiss. D.I. 23. The Court granted the joint motion on October 23, 2018.

motions must be limited to the four corners of the pleadings; if extraneous material is presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 "unless the dismissal can be justified without considering the outside materials." *GFF Corp. v. Associated Wholefoods Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

But "conversion to summary judgment when a district court considers outside materials is to afford the ***plaintiff*** an opportunity to respond in kind." *Id.* at 1385 (emphasis added). Where a defendant adds no extraneous material to its motion to dismiss, there is no reason for conversion into a motion for summary judgment. *See id.* ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates."). There are exceptions to this general rule of not considering extraneous documents in a motion to dismiss without conversion to summary judgment: when material is (1) submitted as an exhibit to a pleading or otherwise incorporated by reference; (2) referred to in the complaint and is central to a plaintiff's claims; or (3) taken by judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008); *Burke v. Holdman*, No. 17-7060, 2018 U.S. App. LEXIS 25937, at *8-9 (10th Cir. Sept. 13, 2018) (citing *Thomas v. Kraven*, 765 F.3d 1183, 1197 (10th Cir. 2014)); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citing *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964-45 (10th Cir. 1994)); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Courts in the Tenth Circuit can dismiss or refuse to consider expert declarations and other attachments submitted with oppositions to motions to dismiss. *Gee v. Pacheco*, 627 F.3d 1178, 1186-87 (10th Cir. 2010) (reversing the district court for improperly relying on extraneous reports submitted with movant's motion to dismiss without converting it to a motion for

2

summary judgment); *Front Row Techs.*, *LLC v. NBA Media Ventures, LLC*, 163 F. Supp. 3d 938, 991 (D.N.M. 2016) (ignoring both movant's and respondent's affidavits and exhibits submitted with their briefing on a Rule 12 motion to dismiss considering that the movant "does not want its motion converted"); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1212-13 (W.D. Okla. 2012) (striking an affidavit from a plaintiff's opposition to a Rule 12 motion to dismiss because it was not identified in the complaint or the motion to dismiss that plaintiff was responding to).

## III.   ARGUMENT

### A.   The Motion to Dismiss is Properly Limited to the Four Corners of the Complaint, Including the Asserted Patents Attached Thereto.

CSG's Motion to Dismiss proceeds in two sections. First, the Motion to Dismiss analyzes the legal standard applicable to motions under Rule 12(b)(6) as well as the developed law surrounding 35 U.S.C. § 101. Second, the Motion to Dismiss analyzes the Asserted Patents attached to Ubiquitous's Complaint according to the Supreme Court's two step 35 U.S.C. § 101 analysis, including (1) whether the Asserted Patents are directed to an abstract idea, and (2) whether the Asserted Patents contain an inventive concept. D.I. 13 at 7-20; *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). The Motion to Dismiss is limited to an analysis of the patents themselves, and includes no attached documents or other extraneous material.

The only material referenced or cited by CSG is (1) the Complaint itself and the material therein and (2) the text and claims of each of the Asserted Patents, which were attached to, and frequently referenced by, the Complaint and thus may be properly considered and analyzed in a Rule 12(b)(6) motion. *Tal*, 453 F.3d at 1264 n.24 (citation omitted); D.I. 1 at Ex. A-B. Given that the only material that CSG cites, considers, or analyzes in the Motion to Dismiss is material within the Complaint or Ubiquitous' attachments thereto, it is properly postured as a Rule 12 motion and should not be converted to a Rule 56 summary judgment motion.

**B.      Ubiquitous' Opposition Seeks to Introduce Extrinsic Material that is Improper in the Context of a Rule 12 Motion.**

In contrast to CSG's Motion to Dismiss, Ubiquitous' Opposition takes a different approach. In particular, the Opposition includes and seeks to rely upon the Zatkovich Declaration, a 120-page document that is not part of any pleading in this case. It was not attached to or submitted with the Complaint filed by Ubiquitous at the outset of this case. Nor was the Zatkovich Declaration cited in or incorporated into the Complaint. In short, the October 5th Zatkovich Declaration was created in response to the earlier October 4th Motion to Dismiss, and improperly submitted, for the first time, in the Opposition. Ubiquitous thus urges the Court to consider material outside of the pleadings.

Based on the well-established principle in the Tenth Circuit that material outside of the pleadings, such as expert declarations, should not be considered in the context of a Rule 12 motion to dismiss, especially when sought to be introduced by the respondent to such a Rule 12 motion, the court should decline Ubiquitous' request to have the Zatkovich Declaration be afforded any consideration and to convert CSG's Motion to Dismiss to a summary judgment motion. *See Gee*, 627 F.3d at 1186-87; *Front Row Techs.*, 163 F. Supp. 3d at 991; *Douglas*, 864 F. Supp. 2d at 1212-13. Accordingly, the Court should strike and refuse to consider any material in the Zatkovich Declaration or in the portions of Ubiquitous's Opposition that rely thereupon, as the Zatkovich Declaration is irrelevant to the issues raised by CSG under Rule 12 and cannot be introduced at this stage in the proceedings.

## IV.      CONCLUSION

For all of the foregoing reasons, Defendant CSG requests that the Court strike the Zatkovich Declaration and decide the Motion to Dismiss only on the pleadings and the attachments thereto.

Dated: November 26, 2018

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: /s/ *Bret T. Winterle*
     Bret T. Winterle
     (Pro Hac Vice Pending)
     Texas Bar No. 24084249
     1717 Main Street, Suite 5000
     Dallas, Texas 75201
     (214) 747-5070 – Telephone
     (214) 747-2091 – Facsimile
     winterle@fr.com

     Keith A. Wilkes, OBA No. 16750
     kwilkes@hallestill.com
     320 S. Boston Avenue
     Suite 200
     Tulsa, Oklahoma 74103
     Telephone: (918) 594-0709
     Facsimile: (918) 594-0505
     kwilkes@hallestill.com

**COUNSEL FOR DEFENDANT
CENTRAL SECURITY GROUP –
NATIONWIDE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on November 26, 2018, to all counsel of record who are deemed to

have consented to electronic service via the Court's CM/ECF system.

     /s/ *Bret T. Winterle*
     Bret T. Winterle